In the Matter of CASTAWAYS MOTEL, Appellant, *v.* C. V. R. SCHUYLER, as Commissioner of General Services of the State of New York, Respondent.

Third Department, December 5, 1967.

*Hovey & Kushner* (*Ira M. J. Hovey* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Grace K. Banoff* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, J. This is an appeal from an order and judgment which dismissed the petition, without a hearing, for untimeliness pursuant to CPLR 217, and for legal insufficiency.

The proceeding was commenced by a petition, pursuant to CPLR article 78, seeking a judgment directing the Commissioner of General Services to deliver to the petitioner grants of certain lands under waters of the Niagara River. The petitioner had applied to the Commissioner for such rights pursuant to section 75 of the Public Lands Law. (All statutory references hereinafter are to the Public Lands Law unless otherwise specified.)

Special Term found, pursuant to the section, that the Power Authority resolution did not constitute the advice contemplated in section 75, but nevertheless the action of the respondent was not arbitrary or capricious.

We affirm, but on other gro[und]

The record discloses that t[he Co]mmissioner had determined to exercise his discretion to [  ] and convey the lands in question in accordance with[  ]ion 12 of section 75 and

that the petitioner had paid the consideration therefor. Subdivision 13 thereof as to land under waters of the Niagara River required that before making the actual grant, the Power Authority "shall, prior to the issuance of any such grant, advise the commissioner, in writing, that such grant, if made, will not interfere with * * * Niagara project."

Pursuant to the request of the Commissioner the Power Authority forwarded a letter of consent, but conditioned upon the requirement that the petitioner "forever release the State of New York and the Authority from any claims for damages or loss occasioned at any time by the control or regulation of the waters of the Niagara River by the State or the Authority and will not make claim against or sue the Authority or the State on account of any such damage or loss". The petitioner refused to sign such release as to future damages and upon reaching an impasse, commenced the present proceeding.

The pertinent part of subdivision 13 of section 75 became law in 1956 and provided that no grant shall be made without the written approval of the Power Authority. In 1957 the wording of the statute was amended and changed to its present reading at the behest of the Chairman of the Authority upon the grounds that the said Authority was not qualified to determine whether there might be other reasons besides a possible interference with the hydroelectric projects which would require refusal. There is no indication that the amendment intended to permit the Authority to obtain releases for future damages or impose other collateral conditions in order to obtain its consent. In fact, the purpose of the 1957 amendment appears to be in direct contrast to such impositions and under the circumstances the condition precedent to obtaining the consent of the Power Authority was unreasonable and arbitrary.

However, this court, under the circumstances, will not grant the relief requested as the Commissioner cannot deliver the grant until the condition precedent is revoked and there is compliance with the statute by the Authority. It appears that in the orderly procedure under the section the Commissioner before exercising his discretion, where the Power Authority is involved, should first ascertain that there will not be interference with the power projects. If the Authority advises in writing such grant will interfere, the Commissioner has no discretion and the application for the grant mu̅ be denied.

Therefore, "if complete f is to be accorded between the persons who are part̅ the action" it is necessary, unless the matter be resol̅ g the parties, that the Power Authority be joined as o the proceedings, it being

apparent that its advice as to non-interference is essential and its decision is or might be affected to some extent by the ultimate decision herein and thereby affect its right. (CPLR 1001, subd. [a].)

The four months' limitation period under article 78 having long since lapsed, it is not possible in the present proceedings to bring the Power Authority in as a party and under the circumstances, while unfortunate, the relief sought is denied.

The judgment and order should be affirmed, without costs, and petition dismissed.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment and order affirmed, without costs, and petition dismissed.